IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 4:15-CR-3103 |
| vs. | |
| FRANCISCO AVITIA-MARQUEZ, | MEMORANDUM AND ORDER |
| Defendant. | |

    This matter is before the Court upon initial review of the pro se motion to vacate under 28 U.S.C. § 2255 (filing 40) filed by the defendant, Francisco Avitia-Marquez, pursuant to *Johnson v. United States*, 135 S. Ct. 2551 (2015), and his subsequent motion to vacate (filing 43) alleging ineffective assistance of counsel. The motions were timely filed less than 1 year after the defendant's conviction became final. *See* § 2255(f). The Court's initial review is governed by Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts, which provides:

> The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

    A § 2255 movant is entitled to an evidentiary hearing unless the motion and the files and records of the case conclusively show that the movant is entitled to no relief. § 2255(b); *Sinisterra v. United States*, 600 F.3d 900, 906 (8th Cir. 2010). Accordingly, a motion to vacate under § 2255 may be summarily dismissed without a hearing if (1) the movant's allegations, accepted as true, would not entitle the movant to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact. *Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995); *see also Sinisterra*, 600 F.3d at 906.

## I. BACKGROUND

The defendant was charged by indictment with one count of possessing with intent to distribute 50 grams or more of a mixture or substance containing methamphetamine, and one count of illegal reentry. Filing 1. The defendant pled guilty to both charges. Filing 23. And at his change of plea hearing, the defendant was advised of his rights, including but not limited to his right to remain silent, his right to plead not guilty, his right to a jury trial, his right to counsel, and his confrontation rights. Filing 29 at 6-8. He was advised of the nature of the charges and the potential penalties. Filing 23 at 3-4, 9. He was also informed of the factual basis for the plea, and agreed with it. Filing 23 at 14-16. The defendant's petition to enter a guilty plea set forth the defendant's rights, in English and Spanish, and he indicated his understanding of them. Filing 23. The defendant agreed to waive his trial rights and plead guilty. Filing 29 at 8-9. The Court accepted the defendant's plea, finding that it was knowing, intelligent, and voluntary. Filing 24.

The presentence report found that the defendant's base offense level for the drug charge was 24, based on at least 50 but less than 200 grams of methamphetamine. Filing 33 at 9. The presentence report further assessed a 2-level enhancement for possession of a firearm. Filing 33 at 9. This resulted in an adjusted offense level of 26, and a total offense level (after a reduction for acceptance of responsibility) of 23. Filing 33 at 9-10. That, combined with a criminal history category of I, resulted in a Guidelines imprisonment range of 46 to 47 months' imprisonment. Filing 33 at 15. But the statutory mandatory minimum for the drug charge was 5 years' imprisonment. Filing 33 at 15; *see* 21 U.S.C. § 841(b)(1)(B)(viii).

The defendant was sentenced to 60 months' imprisonment on the drug charge—the mandatory minimum—and to 46 months' imprisonment on the immigration charge. Filing 33 at 15; filing 38 at 2. The terms were to be served concurrently, filing 38 at 2, meaning that the defendant was effectively sentenced to the mandatory minimum sentence.

## II. DISCUSSION

Before addressing the merits of the defendant's claims, it is necessary to address a procedural matter. The defendant has filed two different motions. The first is a document captioned "Petition for Writ of Certiorari" (filing 40), asking for a sentence reduction based on *Johnson*, 135 S. Ct. 2551. The Clerk of the Court docketed it as a *Johnson*-based § 2255 motion. The second filing is more clearly a § 2255 motion, set forth on a form that is essentially the same as the Court's form AO 243. Filing 43.

The problem is that a federal prisoner must receive certification from the Court of Appeals to file a "second or successive" § 2255 motion. § 2255(h);

*see United States v. Sellner*, 773 F.3d 927, 930 (8th Cir. 2014). But the Eighth Circuit has held that when a *pro se* petitioner files a second § 2255 motion while his first § 2255 motion is still pending before the district court, the second motion is not barred as "second or successive" and should be construed as a motion to amend. *Sellner*, 773 F.3d at 931-32. Furthermore, in considering *pro se* litigants' amended pleadings, the Court may consider the amended pleading as supplemental to, rather than as superseding, the original pleading. NECivR 15.1(b)

The Court will do so here: the Court will construe the defendant's subsequent § 2255 motion as a motion to amend, and will consider the two motions together as a single § 2255 motion presenting five postconviction claims. The Clerk of the Court will be directed to terminate the motion event for filing 40 to reflect the Court's determination that a single § 2555 motion—filing 43—is pending.

### 1. *JOHNSON* CLAIM

The defendant's *Johnson* claim is not clear. In *Johnson*, the Supreme Court struck down the "residual clause" of the definition of "crime of violence" contained in 18 U.S.C. § 924(e)(2)(B) as unconstitutionally vague. 135 S. Ct. at 2563. But the defendant was not convicted of violating § 924(e)(2)(B). Nor do his convictions or sentencing implicate any of the other places in the United States Code or the United States Sentencing Guidelines that such language, or even similar language, can be found.[1]

The closest the defendant gets to explaining the basis for this claim is where he asks the Court "for consideration in reduction of the point enhanced of the possession of firearm." Filing 40 at 2. But the firearm enhancement was pursuant to U.S.S.G. § 2D1.1(b)(1), which simply provides that "[i]f a dangerous weapon (including a firearm) was possessed, increase by 2 levels." There's very little vagueness to that, and it bears no resemblance to the language at issue in *Johnson*. And beyond that, even if the defendant had some *Johnson*-based argument with respect to the Guidelines, he was sentenced to the statutory mandatory minimum, and could not have been prejudiced by any application of the Sentencing Guidelines.

In short, *Johnson* has no application to the defendant's case. This claim can be summarily dismissed.

---

[1] The Court assumes for the sake of argument, without deciding, that a Sentencing Guideline can be challenged as unconstitutionally vague. *But see United States v. Wivell*, 893 F.2d 156, 159-60 (8th Cir. 1990).

## 2. INEFFECTIVE ASSISTANCE OF COUNSEL

The defendant claims that his counsel was constitutionally ineffective. Specifically, he claims that his counsel was ineffective in failing to (1) advise him of his rights, (2) assure that there was a factual basis for the guilty plea, (3) provide him with an opportunity to allocate at sentencing, and (4) file a notice of appeal.

To establish a claim of ineffective assistance of counsel, the defendant must show that his attorney's performance was deficient and that this prejudiced his defense. *Strickland v. Washington,* 466 U.S. 668, 687 (1984). Deficient performance can be shown by demonstrating that counsel's performance fell below an objective standard of reasonableness. *Id.* at 688. However, the Court's scrutiny of counsel's performance is highly deferential, because the Court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Id.* at 689.

To satisfy the prejudice prong of *Strickland*, the defendant must show that counsel's error actually had an adverse effect on the defense. *Gregg v. United States,* 683 F.3d 941, 944 (8th Cir. 2012). The defendant must do more than show that the errors had some conceivable effect on the outcome of the proceeding. *Id.* Rather, the defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.* A "reasonable probability" is less than "more likely than not," but it is more than a possibility; it must be sufficient to undermine confidence in the outcome of the case. *Paul v. United States*, 534 F.3d 832, 837 (8th Cir. 2008).

In the context of a challenge to a guilty plea, the deficient performance and prejudice are demonstrated if the defendant can prove that (1) his counsel's representation fell below an objective standard of reasonableness, and (2) there is a reasonable probability that, but for counsel's alleged errors, he would not have pleaded guilty and would have insisted on going to trial. *Hill v. Lockhart,* 474 U.S. 52, 58–60 (1985); *Tinajero-Ortiz v. United States,* 635 F.3d 1100, 1103 (8th Cir. 2011).

### (a) Failure to Advise of Rights

The defendant claims that he was not advised of his constitutional rights, pursuant to *Boykin v. Alabama,* 395 U.S. 238 (1969) and Fed. R. Crim. P. 11. Specifically, the defendant claims that

> The failure to advise Petitioner of Boykin trial rights, guarateed [sic] to him by the fifth and sixth amendments, resulted in an unknowing and involuntary guilty plea in violation of the due processc [sic] clause of the fifth amendment. The failure to advise

- 4 -

> Petitioner pursuant to Rule 11 of the federal rules of criminal procedure resulted in an invalid guilty plea.

Filing 43 at 4. These allegations are contradicted by the record. As set forth above, the defendant was fully advised of his rights, and indicated his understanding of his rights in his petition to enter a guilty plea and at his change of plea hearing. Even if counsel had failed to inform the defendant of any of his constitutional rights, the defendant was not prejudiced because the Court ensured, pursuant to Rule 11, that the defendant was fully informed before accepting his plea. This claim can be summarily dismissed. *See Smith v. United States*, 677 F.2d 39, 41 (8th Cir. 1982).

(b) Factual Basis for Guilty Plea

The defendant claims there was no factual basis for his guilty plea. He contends that

> Defense counsel was ineffective by not assuring that there was an adequate factual basis for his guilty plea. The evidence was insufficient to sustain the conviction. There is no direct or circumstantial evidence that proves Petitioner's intent to knowingly participate in any possession with intent to distribute 50 grams or more of a mixture of mixture of [sic] Methamphetamine. A guilty plea is inapropriate [sic] where, as here, there is no evidence of a high probability of a subjective awereness [sic] of existence of illegal conduct, nor evidence of deliberate contrivance to avoid learing [sic] of the illegal conduct, therefore, the evidence supporting the conviction is insufficient and the sentence must be vacated.

Filing 43 at 5. This claim is also contradicted by the record.

But in his petition to enter guilty plea, the defendant admitted that he distributed methamphetamine. Filing 23 at 12. At his change of plea hearing, under oath, he admitted that he had methamphetamine in his house on the day he was arrested and that he intended to distribute it. Filing 29 at 15-16.

Those admissions are more than sufficient to establish a factual basis for the defendant's plea. There was no deficiency in the performance of counsel, nor any prejudice to the defendant.

(c) Opportunity to Allocute

The defendant complains that he was purportedly not allowed to allocute at sentencing. He argues that counsel was ineffective by "not providing [him] an opportunity to allocute" and that the Court should vacate

his sentence to permit him to allocute. Filing 43 at 7. He asserts that he was "not provided an opportunity to speak to the court." Filing 43 at 7.

This contention is directly contradicted by the record. The Court expressly provided the defendant with an opportunity to address the Court at sentencing, and he did so. Filing 22 at 4:47 to 5:30. There was no deficiency in counsel's performance. It is also worth noting that the defendant could not have been prejudiced either: he was sentenced to the statutory minimum term of imprisonment, so even if he had not been permitted to allocute, there was nothing he could have said that would have produced a more favorable result. This claim can be summarily dismissed.

### (d) Failure to Appeal

The defendant claims that his counsel was ineffective in failing to file a notice of appeal. The defendant's motion asserts that his counsel failed to file a notice of appeal despite the defendant's alleged indication of "his desire to appeal or challenge the conviction." Filing 43 at 8.

An attorney's failure to file a notice of appeal upon the client's request constitutes ineffective assistance of counsel, and no specific showing of prejudice is required. *Sellner*, 773 F.3d at 930. Even if the client waived his right to appeal as part of a plea agreement, prejudice is presumed if the client asked his attorney to file a notice of appeal and the attorney did not do so. *Id.*

For such a claim to succeed, the defendant must show that he manifestly instructed his counsel to file an appeal. *Walking Eagle v. United States*, 742 F.3d 1079, 1082 (8th Cir. 2014). A bare assertion by the petitioner that he made a request is not by itself sufficient to support a grant of relief, if evidence that the fact-finder finds to be more credible indicates the contrary proposition. *Id.* But the Court cannot resolve this claim without an evidentiary hearing. *Sellner*, 773 F.3d at 930.

### III. CONCLUSION

The Court has completed its initial review of the defendant's § 2255 motions. The files and records conclusively establish that four of the defendant's claims are without merit. However, the defendant's fifth claim—that he received ineffective assistance of counsel when his counsel did not file an appeal—is not contradicted by the current record. An evidentiary hearing is required to resolve that claim.

IT IS ORDERED:

1. The Clerk of the Court is directed to terminate filing 40, to reflect the Court's construction of filing 40 and filing 43 as a single, supplemented § 2255 motion.

2. As set forth above, the defendant's first, second, third, and fourth claims are without merit and will be dismissed with prejudice. The Court will hold an evidentiary hearing on the remaining claim, that the defendant received ineffective assistance of counsel when his counsel did not file an appeal.

3. The Clerk of the Court shall mail a copy of this order to the defendant at his address of record.

4. The Court will authorize the appointment of counsel for the defendant by a separate order. The Clerk shall provide a copy of this order to defendant's new counsel, upon their appointment.

5. Upon receipt of this order and the order of appointment, counsel for the defendant shall enter an appearance in this action. Upon entering an appearance, counsel for the defendant shall confer with the Assistant United States Attorney, and the parties shall contact the office of the Magistrate Judge to schedule an evidentiary hearing. The parties shall also confer and advise the Magistrate Judge whether they wish to file any pre-hearing briefs or evidentiary materials.

Dated this 25th day of October, 2016.

BY THE COURT:

_John M. Gerrard_
John M. Gerrard
United States District Judge